UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

National Fire & Marine
Insurance Company

    v.                                                   Civil No. 07-cv-9-JM

ECH Builders, LLC and
Sparkling River, LLC

    v.

Latvis Agency, Inc.


**O R D E R**

In this breach of contract action for nonpayment of an insurance premium, plaintiff National Fire & Marine Insurance Company ("National Fire") invoked this court's diversity jurisdiction to assert its claims against defendants ECH Builders, LLC ("ECH") and Sparkling River, LLC ("Sparkling River"). See 28 U.S.C. § 1332. ECH and Sparkling River promptly filed a third party complaint against their broker, Latvis Agency, Inc. ("Latvis"), invoking this court's jurisdiction pursuant to 28 U.S.C. § 1367(a) (allowing the district court to exercise supplemental jurisdiction over other claims that form part of the same case or controversy as the claims in the original action). In reviewing the pending Motion for Judgment

on the Pleadings (document no. 27), I realized Latvis is a New Hampshire corporation, with its principle place of business in Nashua, New Hampshire.  ECH and Sparkling River are also New Hampshire corporations, doing business in New Hampshire.  Under such circumstances, this court cannot exercise its supplemental jurisdiction over the third party claims and counterclaims, because allowing Latvis to be a party in this action would destroy complete diversity among the parties, a prerequisite for exercising jurisdiction pursuant to § 1332.  See 28 U.S.C. § 1367(b) (providing in any action invoking the court's diversity jurisdiction, "the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 . . ., when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332"); see also Picciotto v. Continental Cas. Co., 512 F.3d 9, 21-22 (1st Cir. 2008) (citing authority to explain the interplay between §§ 1332 and 1367(b)).  "'In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.'"  Id.

(quoting Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)); Rosario Ortega v. Star-Kist Foods, Inc., 370 F.3d 124, 134 (1st Cir. 2004) (interpreting § 1367(b) as precluding a plaintiff from adding a nondiverse party after original jurisdiction is initially established).

"It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). This court does not have subject matter jurisdiction over the third party claims asserted by ECH and Sparkling River, or over the third party counterclaims asserted by Latvis against National Fire. For the reasons set forth above, the Third Party Complaint (document no. 8) and Latvis' Amended Answer and Cross-Claim (document no. 28) are dismissed for lack of subject matter jurisdiction. See 28 U.S.C. § 1367(b). The Motion for Judgment on the Pleadings (document no. 27) is denied as moot.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  May 15, 2008

```
cc:   William E. Aivalikles, Esq.
      Lucy J. Karl, Esq.
      Joann Sternheimer, Esq.
      Russell F. Hilliard, Esq.
```